IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Delma Warmack-Stillwell, on )
behalf of herself and all )
others similarly situated, )
)
Plaintiff, )
)
)
v. ) No. 22 C 4633
)
)
Christian Dior, Inc., )
)
Defendant. )

Memorandum Opinion and Order

I previously dismissed this putative class action based on an exemption in the statute under which plaintiff Delma Warmack-Stillwell sued, the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq. See* ECF 29. That decision and the resulting judgment in favor of defendant Christian Dior, Inc. ("Dior") are currently on appeal at the Seventh Circuit. *See Warmack-Stillwell v. Christian Dior, Inc.*, No. 23-1468 (7th Cir.). Dior now moves for an award of attorneys' fees. The parties disagree on two main issues. First, whether BIPA ever permits an award of attorneys' fees to defendants. Second, if so, whether they should be awarded in this case. I find it unnecessary to resolve the first issue because, even assuming defendants may

recover attorneys' fees under BIPA generally, they are not warranted here.

>  BIPA provides, in relevant part:
>
>  § 20. Right of action. Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party. A prevailing party may recover for each violation:
>
>  . . .
>
>  (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses . . . .

740 Ill. Comp. Stat. 14/20. All agree that, because BIPA says the court "may" award attorneys' fees, that award is within the trial court's discretion. Warmack-Stillwell contends that Dior may not recover attorneys' fees here because it has failed to make the threshold showing that she acted in bad faith. Dior responds that bad faith is not required, but is instead one factor among many that a court should consider.

In *Krautsack v. Anderson*, 861 N.E.2d 633 (Ill. 2006), the Illinois Supreme Court considered a fee provision in a different statute, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq*. That provision reads:

>  Except as provided in subsections (f), (g), and (h) of this Section, in any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

2

815 Ill. Comp. Stat. 505/10a(c). Because, like BIPA, ICFA states that a prevailing party "may" receive attorneys' fees, the court found that such awards are left to the discretion of the trial court. *Krautsack*, 861 N.E.2d at 643-44. And although "nothing in the plain language of section 10a(c) conditions a fee award to a prevailing defendant on a finding that the plaintiff acted in bad faith," the court observed the statute also "does not expressly restrict a trial court's discretion or identify the circumstances under which a fee petition should be allowed." *Id.* at 645. So, the court determined that it "must go beyond the plain language" and "examine the fee-shifting provision in light of the entire statute, keeping in mind the subject the statute addresses, the legislature's apparent objective in adopting the statute, and the evils sought to be remedied." *Id.* (citations omitted). After doing so, the court concluded that an ICFA defendant can secure attorneys' fees only where a plaintiff has acted in bad faith. *Id.* at 647.

Similarly, BIPA gives no indication of the circumstances under which an award of attorneys' fees to a defendant is appropriate. As in *Krautsack*, I must consider the overall purpose of the statute to determine whether a threshold showing of plaintiff's bad faith is required. I conclude it is.

BIPA expressly codifies that "[b]iometrics are unlike other unique identifiers that are used to access finances or other

3

sensitive information" because they cannot be changed and, "once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 Ill. Comp. Stat. 14/5(c). In enacting BIPA, the Illinois legislature sought to prevent "the substantial and irreversible harm that could result if biometric identifiers and information are not properly safeguarded" by providing "the strongest possible incentive to conform to the law and prevent problems before they occur and cannot be undone." *Rosenbach v. Six Flags Ent't Corp.*, 129 N.E.3d 1197, 1207 (Ill. 2019); *see also McDonald v. Symphony Bronzeville Park, LLC*, 193 N.E.3d 1253, 1268 (Ill. 2022) (emphasizing the "substantial consequences the legislature intended as a result of [BIPA] violations").

Importantly, the only way the legislature provided to enforce compliance with BIPA is through the statute's private right of action. *See Rosenbach*, 129 N.E.3d at 1207 ("Other than the private right of action authorized in section 20 of the Act, no other enforcement mechanism is available. It is clear that the legislature intended for this provision to have substantial force."). Exposing plaintiffs bringing BIPA suits in good faith, even if ultimately unsuccessful, to attorneys' fees would unduly chill the sole enforcement mechanism for a law the legislature

4

clearly intended to protect critical privacy interests and would defy BIPA's remedial purpose.

Contrary to Dior's argument, nothing in the Illinois Supreme Court's recent *Cothron* decision demands a different result. *Cothron v. White Castle Sys., Inc.*, -- N.E.3d --, 2023 WL 4567389 (Ill. Feb. 17, 2023). There, the court reiterated well-trodden rules of statutory interpretation, such as that courts may not "create new elements or limitations not included by the legislature." *Id.* at *7 (citation omitted). But those rules were around when *Krautsack* was decided; indeed, the *Krautsack* court acknowledged them. *See Krautsack*, 861 N.E.2d at 643 ("The best indication of [legislative] intent is the language of the statute, which must be given its plain and ordinary meaning. Where the language is unambiguous, the statute must be given effect without resort to other aids of construction." (citations omitted)). *Cothron* did not disturb the path taken in *Krautsack* where, after determining the legislature left assessment of fees to the court's discretion without indicating how that discretion should be exercised, the court looked to the statute's intended purpose. *Id.* at 645–47. Having performed the analysis required by *Krautsack*, I have no trouble concluding that attorneys' fees are not available

5

to prevailing BIPA defendants absent a showing of bad faith--to the extent BIPA allows them to recover attorneys' fees at all.[1]

Dior has failed to demonstrate bad faith here. Though at the time Warmack-Stillwell filed her complaint, one court had found that virtual try-on tools used for prescription glasses as well as nonprescription sunglasses fell under BIPA's healthcare exemption, see *Vo v. VSP Retail Dev. Holding, Inc.*, No. 19 C 7187, 2020 WL 1445605 (N.D. Ill. Mar. 25, 2020), and another court agreed shortly after she filed suit, *Svoboda v. Frames for Am., Inc.*, No. 21 C 5509, 2022 WL 4109719 (N.D. Ill. Sept. 8, 2022), those decisions are not binding. Neither the Seventh Circuit nor the Illinois Supreme Court has expressed guidance on the matter, so it was not unreasonable for plaintiff to pursue her case. Nor does it matter that, in *Clements v. Gunnar Optiks, LLC*, No. 1:22-cv-4634 (N.D. Ill.)--a case similar to this one and brought by plaintiff's counsel--the plaintiff opted to stay the case pending appeal of *Svoboda*, an appeal that has since been dismissed pursuant to a joint stipulation. *See* Order, *Svoboda v. Frames for Am.*, No. 22-2781 (7th Cir. Apr. 5, 2023), ECF 14. As plaintiff aptly observes,

---

[1] Even if bad faith were not required, and is simply one factor to consider, I would deny Dior's motion because the other factors identified by Dior do not outweigh the bad faith factor here; indeed, several of them weigh in Warmack-Stillwell's favor. *See Krautsack*, 861 N.E.2d at 644 (identifying factors). For example, an award of fees to Dior would deter others from bringing BIPA suits, Warmack-Stillwell seeks to resolve a question that has only been considered by lower courts, and her argument is not meritless.

attorneys serve clients, and clients may pursue different litigation strategies for a variety of reasons.

For these reasons, Dior's motion for attorneys' fees is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 27, 2023